**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2186-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHANE PRYCE,

    Defendant-Appellant.

_____

Submitted May 24, 2022 – Decided June 27, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 08-10-0913.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Elizabeth M. Newton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, a Jamaican citizen, appeals from the September 4, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues the PCR court erred in denying him a hearing because his plea counsel did not give him proper advice regarding the immigration consequences of a guilty plea. We affirm.

After a search of defendant's home disclosed a large amount of marijuana, which defendant conceded was his, he was charged in a 2008 indictment with: (1) fourth-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(3); (2) third-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(11); and (3) third-degree possession of a controlled dangerous substance with intent to distribute on or near school property, N.J.S.A. 2C:35-7, 2C:35-5(a)(1), and 2C:35-5(b)(11).

During the May 29, 2009 plea hearing, defendant signed and initialed plea forms. Question seventeen asked, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" Defendant circled "YES" when executing the plea form. At the time, defendant was a legal permanent resident.

Through counsel, defendant requested an adjournment of the hearing to seek advice on how a guilty plea might affect his immigration status. In granting the adjournment, the judge stated, "[Defendant] has made this request to run the effect of his plea past an immigration attorney." She later explained to defendant, "I'm giving you between now and June 23 to look into this immigration issue."

The parties reconvened on July 8, 2009. The court referenced the plea forms previously completed at the initial plea hearing and defendant executed a supplemental plea form for drug offenses. The judge also noted the prior hearing was adjourned for defendant to consult with an immigration attorney. In response, defense counsel stated, "That's correct, Judge. We're ready to proceed today."

The court inquired whether defendant had reviewed all of the questions on the plea form with his attorney, and whether he understood the questions. Defendant replied affirmatively and stated he was not coerced into signing the forms.

Defendant subsequently pleaded guilty to one count of third-degree possession of a controlled dangerous substance with intent to distribute on or near school property, N.J.S.A. 2C:35-7, 2C:35-5(a)(1), and 2C:35-5(b)(11). The

3

State recommended a flat, three-year prison term. On March 3, 2010, the court sentenced defendant to a three-year probationary term. Defendant successfully completed his probationary term in March 2013.

Defendant traveled to Jamaica in December 2008. Upon his return to the United States, he was detained by Immigration and Customs Enforcement (ICE) and his passport was seized. Nine years later, in June 2017, defendant was arrested by ICE and detained for almost two years.

Defendant filed a pro se PCR petition on August 24, 2018. Assigned counsel filed a supplemental brief. Defendant alleged he was not informed of the effect his guilty plea would have on his immigration status. He asserted if he knew he could be deported, he would not have pleaded guilty. PCR counsel also included a letter from defendant's plea counsel. It stated:

> I am unable to locate [defendant's] file . . . . I have no personal recollection of what I may have told [defendant] regarding potential immigration consequences. I can only tell you that typically, if immigration issues were involved, I would advise the client to seek immigration counsel, as I do not practice immigration law and would not feel comfortable giving any such advice.

In considering the timeliness of defendant's petition, the court found it was filed more than eight years after his conviction. Therefore, it was untimely

4

under Rule 3:22-12. In addition, defendant waited an additional year to file his petition even after he was arrested by ICE.

The judge found defendant had not shown excusable neglect to permit a late filing because he was aware of the potential immigration consequences when he pleaded guilty in 2009 and "unfamiliarity with his post-conviction status does not establish excusable neglect." The judge further concluded the State would be prejudiced by the late filing because it would have to prosecute an eight-year-old case.

Despite its conclusion that the petition was untimely, the court nevertheless considered its merits. After reviewing the pertinent case law, the court stated:

> [T]he record establishes that when he pled, [defendant] understood the implications of the guilty plea on his immigration status . . . . [Defendant] initialed and signed the plea form and acknowledged an understanding that since he was not a United States citizen or national, he may be deported. He inquired as to his immigration status before he entered the guilty plea and the court granted an adjournment for him to speak to an immigration attorney. Thus, [defendant] has not established that counsel's performance fell outside the wide range of professionally competent assistance, and he has not adequately established prejudice. Further, the record supplies ample doubt that petitioner would not have pled guilty but for counsel's alleged errors.

A-2186-20

Because defendant did not present a prima facie case, the court denied his request for an evidentiary hearing.

On appeal, defendant raises the following issues for our consideration:

> POINT I
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING THE SUBSTANCE OF HIS ADVICE AS TO THE IMMIGRATION CONSEQUENCES OF ACCEPTING THE GUILTY PLEA.
>
> POINT II
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS THE FIVE-YEAR TIME BAR SHOULD BE RELAXED DUE TO EXCUSABLE NEGLECT AND/OR THE INTERESTS OF JUSTICE.
>
> POINT III
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING WHY HE ALLOWED HIS CLIENT TO PROCEED WITH HIS GUIL[T]Y PLEA WHEN [DEFENDANT] WAS NOT AWARE OF THE IMMIGRATION CONSEQUENCES.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: (1) counsel's performance was deficient and they made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

A first petition for PCR must be filed within five years of the date of the judgment of conviction. R. 3:22-12(a)(1). A late filing may be considered if the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. R. 3:22-12(a)(1)(A). In addition, Rule 3:22-12(a)(2)(B) allows for a second or subsequent petition to be filed within one year of the "date on which the factual predicate for the relief sought was discovered, if that factual predicate

7

could not have been discovered earlier through the exercise of reasonable diligence . . . ."

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Ibid. (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

"Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)). "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a procedural rule otherwise barring post-conviction relief may be overlooked to avoid a fundamental injustice." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (citation omitted).

Defendant's petition was filed eight years after the entry of the judgment of conviction. During the first scheduled plea hearing, defendant discussed with

counsel and signed a plea form in which he acknowledged understanding he could be deported as a result of his guilty plea. He also requested and was granted an adjournment of the hearing to consult with immigration counsel.

Six weeks later, when the parties convened for the plea hearing, defendant confirmed he had read and understood the plea forms and discussed the questions with counsel. After the court noted the first hearing was adjourned to permit defendant to seek immigration advice, his attorney stated, "We're ready to proceed today."

Moreover, during this same time frame, defendant traveled to Jamaica and was detained by ICE after his return to the United States. His passport was taken. Despite those events, defendant did not seek any further guidance for more than eight years and then only after ICE arrested him. Defendant then waited an additional year to file his PCR petition. We are satisfied defendant has not demonstrated excusable neglect to overcome the time bar under Rule 3:22-12.

Defendant has also failed to establish a prima facie case of ineffective assistance of counsel. At the time of defendant's plea and sentence, he was subject to the Nunez-Valdez standard—allowing a defendant to establish the ineffective assistance of counsel by proving his guilty plea resulted from

"inaccurate information from counsel concerning the deportation consequences of his plea."  200 N.J. 129, 143 (2009).

Defendant read and signed the plea forms in 2009 with counsel.  He acknowledged that he could be deported by virtue of his guilty plea.  He also sought time to consult with an immigration attorney.  Defendant cannot demonstrate he was given false or affirmatively misleading advice about the deportation consequences of his guilty plea.  See id. at 141-42.

Defendant has also not shown he suffered prejudice from his counsel's representation.  Although the State recommended a three-year prison term with no parole ineligibility period, defense counsel convinced the court to impose a non-custodial probationary sentence instead.

Defendant has not demonstrated a reasonable likelihood that his claim will succeed on the merits.  As he failed to establish a prima facie case of ineffectiveness of counsel, we discern no error in the denial of an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2186-20